UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIAN MANUEL POWELL, | No. 2:23-cv-0333 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ANDRUS, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion for discovery (ECF No. 10) and notice of related case and motion to consolidate (ECF No. 11).

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 7. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Complaint

    A.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

1  speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain
2  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
3  cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
4  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

5  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
6  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
7  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
8  content that allows the court to draw the reasonable inference that the defendant is liable for the
9  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
10 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
11 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
12 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

14    B.    Allegations

15  The complaint alleges that defendant Andrus violated plaintiff's rights under the First and
16 Eighth Amendments. ECF No. 1. Specifically, plaintiff alleges that officers at Mule Creek State
17 Prison have retaliated against him for filing grievances by writing him up on false charges and
18 having other inmates threaten and sexually assault him, that he has been prevented from
19 contacting a law firm that was supposed to be facilitating the purchase of property, and that he
20 has been denied the ability to practice his religion. Id. at 3-5.

21    C.    Failure to State a Claim

22  "Liability under § 1983 must be based on the personal involvement of the defendant,"
23 Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d
24 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil
25 rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)
26 (citations omitted). Plaintiff does not make any allegations against defendant Andrus and
27 therefore fails to state any claims for relief.
28 ////

To the extent plaintiff's motion for discovery indicates an intention to name Doe defendants (ECF No. 10), none have been identified in the complaint. Plaintiff is advised that while the use of Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). To state a claim against Doe defendants, plaintiff must allege conduct by each specific Doe defendant to establish liability under 42 U.S.C. § 1983. This means that plaintiff should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

### D. Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.   Motion for Discovery

Plaintiff has filed a motion for discovery.  ECF No. 10.  Because the complaint does not state any claims for relief, discovery in this action is premature and the motion will be denied.

### IV.   Notice of Related Cases and Motion to Consolidate

Plaintiff has filed a notice of related cases and motion to consolidate in which he seeks to relate and consolidate this action with Powell v. Saradeth (Powell II), No. 2:23-cv-0946 DAD EFB P, so that he is charged only one filing fee.[1]  ECF No. 11.

Local Rule 123(a) provides that

> [a]n action is related to another action within the meaning of this Rule when
>
> (1) both actions involve the same parties and are based on the same or a similar claim;
>
> (2) both actions involve the same property, transaction, or event;
>
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
>
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

The judge presiding over the case with the lower number determines whether relation of the cases is appropriate.  L.R. 123(c).

Review of the allegations in Powell II reveals that the cases are not related within the meaning of Local Rule 123 because they do not involve the same parties, claims, property, transaction, or events; they do not involve a similar question of law or fact; and there does not appear to be any other reason relating these cases would effect a substantial savings of judicial

---

[1]  The request to consolidate filed in Powell II does not identify any grounds for consolidating the cases.  Powell II, ECF No. 14 at 3.

effort or prevent the substantial duplication of labor.² Plaintiff's desire to save on filing fees is not sufficient justification to relate these cases.

For these reasons, this case should not be related to Powell II and the motion to consolidate should be denied.

V. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim. You have not explained what conduct each defendant was responsible for.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's motion for discovery (ECF No. 10) is DENIED.

4. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

////

---

² The first amended complaint in Powell II alleges that defendants Cervantes, Dubuisson, Gonzales, Moa, Saradeth, Strickland, Young-Gaines, and Purtle, all officers at California Health Care Facility, have violated plaintiff's rights by subjecting him to unconstitutional conditions of confinement, using excessive force, and sexually assaulting him. Powell II, ECF No. 14.

5. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

7. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. This case should not be related to Powell v. Saradeth, No. 2:23-cv-0946 DAD EFB P.

2. Plaintiff's motion to consolidate (ECF No. 11) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7